### H. E. SULLIVAN v. STATE.

No. A-3900.    Opinion Filed Sept. 23, 1922.
(209 Pac. 193.)

(Syllabus.)

**Druggists—Evidence Insufficient to Support Charge of Receiving Narcotics.—**Where one is charged with "receiving and taking into his possession" certain narcotic drugs, evidence showing that the accused made an unsuccessful attempt to take the drugs

from the transmission company held insufficient to support the charge, under the provisions of section 2, chapter 60, Session Laws 1919.

Appeal from District Court, Lincoln County; Hal Johnson, Judge.

H. E. Sullivan was convicted of receiving narcotics, and he appeals. Reversed and remanded.

James A. Embry, for plaintiff in error.

The Attorney General and Thos. G. Andrews, Co. Atty., for the State.

BESSEY, J. On the 7th day of September, 1920, H. E. Sullivan, plaintiff in error, in this opinion styled the defendant, was found guilty of the crime of receiving narcotic drugs, and his punishment was assessed at confinement in the state penitentiary for a term of three years and a fine of $500.

The information charged that the defendant—

"did willfully, unlawfully, and feloniously receive and take into his possession certain narcotic drugs, to wit, 32 bottles of morphine sulphate, each containing one-eighth ounce, and two bottles of cocaine, each containing one-eighth ounce, in violation of the provisions of section 2, chapter 60, Session Laws 1919, of the state of Oklahoma."

The statute referred to in the information makes it a felony for any person to sell, give away, dispense, manufacture, produce, deal in, administer, or distribute, or to receive, conceal, buy or in any manner facilitate the distribution, concealment, or sale of, or distribution of, any narcotic drugs. One of the contentions of the defendant is that the testimony does not show that he received or came into possession of the narcotic drugs, within the meaning of the statute.

Clyde Boyle, a deputy sheriff, testified: That the defendant was at the Ft. Smith & Western depot, in the town of

Warwick, before and after the west-bound Ft. Smith & Western train arrived, a little after 5 o'clock on the evening of March 31, 1920. That the pasteboard box containing the narcotics in question was on a hand truck, and after the train left the station the defendant came around the depot and looked at this box on the truck. That he picked the box up and started off with it, and had advanced five or six steps toward the station door, when witness stopped him, and placed him under arrest, whereupon defendant threw the package back on the truck. The defendant was then taken into the depot and left in charge of another man, while the witness went to make another arrest. The package was consigned to Dr. T. M. Harrison, Warwick, Okla. When witness asked the defendant about the package, the latter replied that it did not belong to him. Witness heard the defendant ask the agent if the package had been called for.

Ray Horn testified: That he was the helper at the depot at Warwick. That on this day he went to the Ft. Smith & Western depot with Boyles when the train from the east came in. That the defendant picked up a package from a truck, where it had been unloaded from the train, and said something witness did not understand. When they got close enough to him to hear, the defendant said, "Has anybody inquired for this package?" Mr. Boyles then said to the defendant, "Consider yourself under arrest." Defendant threw the package on the truck and said that it did not belong to him.

The county attorney testified: That he went to the express office at the depot in the town of Warwick and signed a receipt for the express package in question, containing the narcotics described in the information, and took it into his possession.

This is, in substance, all the testimony in the record relating to the receipt and disposition of the narcotics in question. Webster's Dictionary defines the word "receive" thus:

"To take, as something that is offered, given, sent, paid, or the like; to accept."

The Century Dictionary gives the word this definition: "To take from a source or agency of transmission; to take by transfer in a criminal manner."

While the testimony shows that the defendant had this package in his hand, the real possession by this act did not pass from the transmitting company. There was no such transfer and relinquishment of possession until it was delivered to the county attorney. Doubtless it was the intention of the defendant to receive and receipt for this package by signing the name of the consignee, Dr. T. M. Harrison (probably a fictitious person). In all probability, but for the interference of this deputy sheriff, this package would have been so delivered. We think there was under the circumstances shown, no such taking, receipt, or delivery as is contemplated by the statute. There may have been intent, coupled with actual attempt; but the trap was sprung too soon. The testimony, as shown by the record, might have been sufficient to sustain a charge of an attempt to commit this offense, under the provisions of section 2803, R. L. 1910.

Other assignments of error are urged; but, since the facts as stated must operate as grounds for a reversal of this conviction, the other assignments need not be analyzed at this time.

The cause is reversed and remanded.

DOYLE, P. J., and MATSON, J., concur.